IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICHARD MORTHLAND,**

**Plaintiff,**

**v.**

**BRP US, INC.,**

**Defendant.**                                                           **No. 06-CV-01038-DRH**

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. Introduction

Now before the Court is Morthland's motion to remand (Doc. 6). Morthland moves this Court to remand the case because this Court lacks subject matter jurisdiction as there is no diversity jurisdiction and no federal question jurisdiction. BRP US Inc. opposes the motion arguing that the Court has federal question jurisdiction over Morthland's complaint (Doc. 11). Based on the record, the applicable case law, the Court grants Morthland's motion to remand.

On November 27, 2006, Richard Morthland filed a complaint for retaliatory discharge against his former employer BRP US, Inc. ("BRP") in the Circuit Court of Franklin County, Illinois (Doc. 2, p. 8 - Complaint). Morthland's complaint alleges that "On May 17, 2006, Morthland exercised his rights as authorized by the statutes of the State of Illinois by filing a claim seeking benefits under the Family Medical Leave Act due to Employee's Own Serious Health Condition." (Doc. 2; p. 8

Complaint ¶ 5).  The complaint also alleges that he was terminated on June 19, 2006 effective June 16, 2006 (Doc. 2; p. 8 Complaint ¶ 6).  Further, Morthland's complaint avers that "His discharge from employment was causally related to his exercise of his rights under the Family Medical Leave Act."  (Doc. 2; p. 9 - Complaint ¶ 7). Thereafter on December 22, 2006, BRP timely removed the case to this Court based on federal question jurisdiction, **28 U.S.C. § 1331** (Doc. 2).  Specifically, BRP, in its Notice of Removal, argues that the Court has jurisdiction over Morthland's complaint because it is based on the Family Medical Leave Act, **29 U.S.C. § 2601, *et seq.***, as Morthland claims that his discharge from employment was causally related to his exercise of rights under the Family Medical Leave Act.

On January 2, 2007, Morthland filed an objection to removal and motion to remand (Doc. 6).  Morthland contends that this case is not subject to removal as the complaint does not allege any grounds for federal jurisdiction, that he did not intend to allege grounds for federal jurisdiction and that he is not seeking relief under the Family Medical Leave Act.  Morthland contends that he filed suit in state court because he believes that Defendant's actions are in violation of state public policy.  BRP counters that Morthland's complaint states a claim under the Family Medical Leave Act and that its removal of the case was proper (Doc. 11).  The Court now turns to address the merits of the motion.

## II. <u>Analysis</u>[1]

The well-pleaded complaint doctrine states that federal question jurisdiction is present where the face of the complaint alleges a violation of federal law. ***Caterpillar Inc . v. Williams***, **482 U.S. 386, 392 (1987)**. This rule is designed to make the plaintiff the "master of the claim," that is, he or she can avoid federal jurisdiction by solely relying upon state law. ***Id.*** The removal statute, **28 U.S.C. § 1441**, is construed narrowly, and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**

Here, BRP in removing the case is not arguing preemption by FMLA, instead BRP contends that Morthland's claim is one pursuant to FMLA.[2] Morthland argues that the Court lacks jurisdiction and that remand is proper because he is not asserting a cause of action under the FMLA, rather he is asserting a state common law claim of retaliatory discharge for exercising his rights under the FMLA.[3] BRP counters that while the complaint does not specifically state the statutory citation, 29 U.S.C. § 2617, Morthland's complaint clearly sets forth a claim under the FMLA and that a number of courts have found that a plaintiff cannot assert of state law

---

[1] BRP did not base its removal on diversity jurisdiction, **28 U.S.C. § 1332**, and the pleadings do not demonstrate such a basis.

[2] The Court cannot find any case law or statute which provides for FMLA preemption over state law claims as ERISA does.

[3] Morthland also states in his motion that if the "motion is denied, the Plaintiff intends to dismiss his Complaint to allege facts in such a manner to remove any allegedly ambiguity as to the jurisdictional grounds for the Complaint ." (Doc. 6, ¶ 2).

retaliatory discharge claim based on the rights set forth in the FMLA.[4]  BRP argues as though it is moving to dismiss the retaliatory discharge claim in the state court.  Accordingly, Morthland replies that the state court should determine whether a state cause of action for retaliatory discharge exists pursuant to the FMLA.  The Court agrees with Morthland.  A review of the complaint indicates that there is not federal question jurisdiction.  While it is possible that Morthland may have/bring a claim under the FMLA, he has not alleged a violation of the FMLA and is not seeking relief under the FMLA in his complaint.

### III. Conclusion

Because the Court finds that it lacks subject matter jurisdiction over Morthland's purported state law claim of retaliatory discharge, the Court **GRANTS** Morthland's motion to remand (Doc. 6).  The Court **REMANDS** this case to the Franklin County, Illinois Circuit Court, the Clerk to carry out this order no earlier than March 26th.

**IT IS SO ORDERED.**

Signed this 15th day of March, 2007.

/s/      David   RHerndon
**United States District Judge**

---

[4]*See e.g, Sullivan v. Progressive Cas. Ins. Co.*, 2004 WL 1687123 (N.D. Ill. 2004); *Sallis v. Prime Acceptance Corp.*, 2005 WL 1950661 (N.D. Ill. 2005); *Handel v. Belvedere USA Corp.*, 2001 WL 1286842 (N.D. Ill. 2001); *Hamros v. Bethany Homes and Methodist Hosp of Chicago*, 894 F.Supp. 1176 (N.D. Ill 1995).